915 F.2d 1573
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John H. TAYLOR, Petitioner-Appellant,
v.
Michael J. MONTGOMERY, Warden, Respondent-Appellee.
 No. 90-5146.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 John H. Taylor, a pro se Kentucky prisoner, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Taylor was convicted by a jury of first degree murder and was sentenced to life imprisonment. His conviction was affirmed on direct appeal by the Kentucky Court of Appeals and the Kentucky Supreme Court. Thereafter, Taylor filed a motion for post-conviction relief under Ky.R.Crim.P. 11.42. The trial court denied the motion and the Kentucky Court of Appeals affirmed the judgment. Taylor did not appeal the denial of the Rule 11.42 motion to the Kentucky Supreme Court.
 
 
 3
 Thereafter, Taylor filed his habeas petition alleging: 1) ineffective assistance of counsel; 2) improper use of out-of-court statements; 3) denial of a fair trial when a juror was seated on the jury after he had been peremptorily struck; and 4) the Rule 11.42 motion was denied without conducting an evidentiary hearing. The magistrate recommended the petition be dismissed without prejudice as a mixed petition for lack of exhaustion. Specifically, the magistrate found that claim 3 was exhausted on Taylor's direct appeal, but that claims 1, 2 and 4 were unexhausted. The magistrate found that although claims 1, 2 and 4 were presented to the Kentucky Court of Appeals in Taylor's Rule 11.42 motion, Taylor had never presented the claims to the Kentucky Supreme Court by way of a motion for discretionary review. The magistrate then found that Taylor still had available state remedies to pursue because although the time for filing a motion for discretionary review had lapsed, see Ky.R.Civ.P. 76.20(2)(b), Taylor could still petition the court to waive the time period and grant him a belated appeal. The magistrate also found that it would not be futile for Taylor to pursue the remedy of a belated appeal, nor did the circumstances of this case warrant a departure from the exhaustion requirement. The district court adopted the magistrate's recommendation after reviewing Taylor's objections.
 
 
 4
 On appeal, Taylor requests the appointment of counsel; and both he and the respondent argue that the district court erred in dismissing the petition for failure to exhaust state remedies.
 
 
 5
 Upon review, we shall vacate the district court's judgment and remand the case for further proceedings. The district court should have addressed the merits of claims 1, 2 and 4 because Taylor has adequately exhausted his state remedies. In Freeman v. Commonwealth, 697 S.W.2d 133 (Ky.1985), the Kentucky Supreme Court stated that the decision of the Kentucky Court of Appeals denying a Rule 11.42 motion was final state action for federal habeas purposes without a useless motion for discretionary review. Id at 134. See also Tuggle v. Seabold, 806 F.2d 87, 91 (6th Cir.1986). Therefore, Taylor has exhausted claims 1, 2 and 4 because those claims have been fairly presented to the highest state court that would consider them. See Prather v. Rees, 822 F.2d 1418, 1420 (6th Cir.1987).
 
 
 6
 Finally, claim 3 should be dismissed as successive because the exact same claim has already been addressed in a prior habeas petition. See Rule 9(b), Rules Governing Habeas Corpus Cases. On direct appeal, the Kentucky Supreme Court ruled that Taylor had waived the claim because he did not raise an objection before the jury was sworn as required by Ky.R.Crim.P. 9.36(3). Taylor then raised the claim in a habeas proceeding. This court affirmed the district court's finding that Taylor had waived federal habeas review of the claim because he did not allege cause and prejudice to excuse the procedural default. See Taylor v. Sowders, No. 87-5288 (6th Cir. Aug. 12, 1987). Therefore, the claim should be dismissed as successive because it was decided adversely to Taylor on the merits in a prior adjudication. See Lonberger v. Marshall, 808 F.2d 1169, 1173 (6th Cir.), cert. denied, 481 U.S. 1055 (1987).
 
 
 7
 Accordingly, the request for counsel is denied, and the district court's judgment is hereby vacated and the case remanded for further proceedings consistent with this order. Rule 9(b)(6), Rules of the Sixth Circuit.