Charles Edward FREEMAN, Movant,

v.

COMMONWEALTH of
Kentucky, Respondent.

Supreme Court of Kentucky.

Sept. 26, 1985.

Frederick G. Huggins, Appellate Public Advocate, Louisville, for movant.

David L. Armstrong, Atty. Gen., Virgil W. Webb III, Asst. Atty. Gen., Frankfort, for respondent.

## OPINION AND ORDER OF THE COURT

STEPHENS, Chief Justice.

Frederick G. Huggins is an attorney who represented Charles Edward Freeman in the above-styled case. A Motion for Discretionary Review was filed in this Court and denied by Order entered April 4, 1985.

The Motion for Discretionary Review was devoid of merit. CR 73.02(4), which is made applicable to the Rules of Criminal Procedure by RCr 13.04, requires us to determine when an appeal is frivolous, and, if so, to award damages and costs as may be appropriate. It states:

> "An appeal is frivolous if the court finds that the appeal is so totally lacking in merit that it appears to have been taken in bad faith."

Charged with the responsibility for enforcing this rule, we directed the movant's attorney, Frederick G. Huggins, to appear before this Court at a hearing to show cause why the Motion for Discretionary Review filed in the above-styled case should not be considered frivolous, and why an appropriate sanction should not be imposed.

85–SC–26–D was a request to review a RCr 11.42 motion filed on behalf of Charles Edward Freeman, who had been convicted of armed robbery, and his conviction affirmed. His RCr 11.42 motion had been denied in the trial court, and this was affirmed on appeal to the Court of Appeals.

The attorney, Frederick G. Huggins, then filed for discretionary review in this Court. The issues were *not* close. There were two:

1) The claim that trial counsel for Freeman had failed to ask for an instruction on a lesser included offense, hindering prosecution or apprehension, in Freeman's trial for armed robbery.

2) The claim that the RCr 11.42 motion should not have been denied without an evidentiary hearing.

Both points were patently groundless and answered by the Court of Appeals' opinion.

■ Freeman was arrested with a stolen bank bag while fleeing from a red and white Cadillac which contained weapons and a stocking mask used in a bank robbery. The groundless claim is that he may have been in the car merely to provide transportation for the robbers. The problem was that he was a passenger, and not a driver in the car. Persisting in this type of an argument to an appellate court which lacks time for the serious business entrusted to it, cannot be tolerated.

■ The next argument is that there should have been an evidentiary hearing on Freeman's RCr 11.42 motion. No reason existed for the trial court to hold an evidentiary hearing to consider whether original trial counsel was ineffective in failing to present a specious argument, one totally refuted by the record. The record failed to show, at any point, a claim as to what evidence could have been offered in an RCr 11.42 hearing.

■ The excuse given by attorney Huggins at the show cause hearing for asking Discretionary Review was that he wished to preserve Freeman's right to pursue a writ of habeas corpus in Federal Court after state remedies had been exhausted. The decision of the Court of Appeals denying the RCr 11.42 was final state action, without a useless motion for discretionary review. In any event, there would be no legitimate reasons for Freeman to pursue this matter further in Federal Court. It would be a further waste of court time.

■ For the reasons stated, we find that attorney Huggins has addressed a frivolous Motion for Discretionary Review to this Court. He is ordered to pay a fine of $100 to the Commonwealth of Kentucky.

GANT, LEIBSON, STEPHENSON and VANCE, JJ., concur.

WINTERSHEIMER, J., dissents.

AKER, J., not sitting.