979 F.2d 851
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth Uriah ROSS, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 92-5574.
 United States Court of Appeals, Sixth Circuit.
 Nov. 19, 1992.
 
 Before KENNEDY, BOYCE F. MARTIN, JR. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Kenneth Uriah Ross, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his habeas corpus petition filed under 28 U.S.C. § 2254. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In 1984, Ross was convicted of 15 counts of robbery and of being a persistent felony offender. The trial court made each of his sentences concurrent with the exception of three unspecified counts which were sentenced consecutively, for an aggregate term of 90 years imprisonment. In 1990, the court resentenced Ross and clarified that the consecutive sentences were based on the first three counts of his indictment. Ross's new sentence was essentially identical in all other respects.
 
 
 3
 In his petition, Ross argues that the respondent refuses to remove his March 1984 sentence from his prison file. On March 31, 1992, the district court dismissed the petition because Ross had not exhausted his available state remedies, as required by 28 U.S.C.s 2254(b). It is from this judgment that Ross now appeals. The respondent has elected not to file a brief in this appeal.
 
 
 4
 The district court correctly determined that Ross had not exhausted his state remedies because he had not presented his claims to the Kentucky appellate courts. See Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.1990). However, we affirm the court's decision on other grounds as Ross's petition fails to raise a colorable federal claim. See Granberry v. Greer, 481 U.S. 129, 135 (1987).
 
 
 5
 Ross did not seek a speedier or immediate release from confinement. He asked only that the respondent be required to remove his original sentence from his case file and replace it with the sentence that was imposed in 1990. At most, this type of relief involves a question of state administrative law. It does not provide a basis for federal habeas corpus relief. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991). Moreover, an affidavit by the custodian of prison records indicates that Ross is not being held pursuant to his prior sentence and that the 1990 resentencing is properly memorialized in his prison file.
 
 
 6
 The district court's judgment is affirmed on the merits for the foregoing reasons. Rule 9(b)(3), Rules of the Sixth Circuit.