Joseph L. SILVERBURG,
Petitioner–Appellant,

v.

Ralph EVITTS, Warden, Respondent–Appellee.

No. 92–5126.

United States Court of Appeals,
Sixth Circuit.

Submitted March 19, 1993.

Decided May 13, 1993.

Rehearing and Rehearing En Banc Denied July 1, 1993.

---

1. *United States v. Patrick,* 965 F.2d 1390 (6th Cir.1992).

Joseph L. Silverburg (briefed), pro se.

Suzanne D. Cordery (briefed), Office of Gen. Counsel, Frankfort, KY, for respondent-appellee.

Before: KENNEDY, NORRIS, and SUHRHEINRICH, Circuit Judges.

SUHRHEINRICH, Circuit Judge.

Appearing pro se, Petitioner Joseph L. Silverburg appeals the dismissal of his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. He raises the following issues: (1) that the district court erred when it determined that petitioner had failed to exhaust his state remedies; (2) that petitioner was not afforded due process during his revocation hearing; and (3) that petitioner's parole officer did not have the authority to modify the condition of his parole to require him to attend a drug treatment program. For the following reasons, we **AFFIRM.**

### I.

Petitioner is presently serving a twenty-year state sentence for Manslaughter Accomplice, First Degree, and Persistent Felony Offender, Second Degree. Petitioner was first admitted into the custody of the Kentucky Corrections Cabinet on June 8, 1978. He has been unsuccessfully paroled four times on this sentence. He was paroled for the fourth time on January 31, 1989. It is the revocation of this final parole which is at issue.

On July 18, 1989, the conditions of petitioner's parole were modified to require petitioner to attend and complete the Commonwealth Psychological Associate/Corrections Drug Abuse Program. On September 5, 1989, petitioner was placed in custody for parole violation. A preliminary revocation hearing was held on September 27, 1989, and continued on October 25, 1989. At the conclusion of the hearing the administrative law judge found probable cause to believe that petitioner had violated the conditions of his parole by failing to complete his CPA Drug Treatment Program.

Based upon this finding, the Kentucky Parole Board issued a parole violation warrant. Petitioner's final parole revocation hearing was held before the Parole Board on November 28, 1989. Petitioner's parole was revoked on the grounds of his failure to attend and complete the drug treatment program in violation of the conditions of his parole.

Petitioner first challenged the revocation of his parole in Oldham Circuit Court. That court denied relief and dismissed the action on February 12, 1990. Petitioner then filed a motion for writ of habeas corpus in the Fayette Circuit Court. The Fayette Circuit Court dismissed the action by order dated March 8, 1990. The Kentucky Court of Appeals affirmed the order of the Fayette Circuit Court on April 11, 1990. Petitioner then filed the present petition for writ of habeas corpus in federal district court. The district court held that petitioner had failed to exhaust his available state remedies prior to filing his petition for writ of habeas corpus in federal court. The district court also addressed petitioner's claims, finding them to be without merit. This appeal followed.

## II.

■] A state prisoner is ordinarily required to exhaust his state remedies prior to raising claims in federal habeas corpus proceedings. 28 U.S.C. § 2254(b), (c); *Manning v. Alexander*, 912 F.2d 878, 880–81 (6th Cir.1990). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (citations omitted). In this case it is undisputed that petitioner did not present his claims to the Kentucky Supreme Court. Rather, petitioner maintains that under the state supreme court's decision in *Freeman v. Commonwealth*, 697 S.W.2d 133 (Ky.1985), he did not need to present a motion for discretionary review to the Kentucky Supreme Court in order to have exhausted his state remedies.

In *Freeman*, the Kentucky Supreme Court sanctioned an attorney for filing a frivolous motion for discretionary review where the attorney conceded that the only reason he sought discretionary review was to preserve the defendant's right to pursue a writ of habeas corpus in federal court. The Court then remarked in connection with the ruling that:

> The decision of the Court of Appeals denying the RCr 11.42 was final state action, without a useless motion for discretionary review. In any event, there would be no legitimate reasons for Freeman to pursue this matter in Federal Court. It would be a further waste of court time.

*Id.* at 134. Petitioner relies on the foregoing language to support his claim that he has adequately exhausted his state remedies because the Kentucky Court of Appeals had an opportunity to rule on his claims.

The district court rejected this argument as "flawed," stating:

> *Freeman* does not stand so much for the proposition that a Kentucky Court of Appeals decision denying an RCr 11.42 motion is final state action for 28 U.S.C. § 2254 federal habeas corpus exhaustion purposes as *it does stand for the proposition* that *frivolous* Rule 11.42 motions for discretionary review do not belong in either the Supreme Court of Kentucky or

the United States District Court. The *Freeman* rule is that frivolous RCr 11.42 motions should go no further in any court system than the Kentucky Court of Appeals.

Memorandum Opinion and Order dated March 4, 1992 (filed March 13, 1992) (emphasis in original). In reaching this conclusion the district court disagreed with the holding of a panel of this court in the unpublished decision of *Taylor v. Montgomery*, 915 F.2d 1573 (6th Cir.1990) (unpublished). In *Taylor*, as in this case, the district court dismissed the petition for failure to exhaust state remedies because the petitioner's claims had not been presented to the Kentucky Supreme Court by way of a motion for discretionary review. This court vacated that judgment on the grounds that:

> In *Freeman v. Commonwealth*, 697 S.W.2d 133 (Ky.1985), the Kentucky Supreme Court stated that the decision of the Kentucky Court of Appeals denying a Rule 11.42 motion was final state action for federal habeas purposes without a useless motion for discretionary review. *Id.* at 134. *See also Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir.1986). Therefore, Taylor has exhausted claims ... because those claims have been fairly presented to the highest state court that would consider them.

*Taylor*, 915 F.2d 1573.

We believe that district court's assessment of *Freeman* is correct. As noted by the lower court, in *Freeman* the Kentucky Supreme Court did not hold that it would not consider such motions. Furthermore, in *Freeman* it was the Kentucky Supreme Court's consideration of the underlying issues and claims that gave rise to its determination that those claims and issues were frivolous. *See also Walker v. Commonwealth*, 714 S.W.2d 155 (Ky.1986) (after reviewing motion for discretionary review and concluding that evidence was clearly sufficient to support conviction, court found that motion was frivolous and imposed sanctions on attorney; following *Freeman* ). Thus, *Freeman*, properly read, stands only for the principle that Rule 11.42 motions that lack any basis should not be pursued in any

court.[1]  Finally, as an unpublished decision, *Taylor* is not binding precedent.  We therefore conclude that petitioner has failed to exhaust his state law remedies.

Ordinarily, we would dismiss without prejudice so that petitioner could pursue his state court remedies.  Here, however, petitioner's claims are procedurally barred under Kentucky law, *see* CR 76.20(2)(b), and he has failed to establish "cause and prejudice" for the procedural default.  *See Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 1067–68, 103 L.Ed.2d 334 (1989).

Given this conclusion, we need not consider petitioner's remaining claims.  The judgment of the district court is **AFFIRMED.**

---

1.  This interpretation of *Freeman* is bolstered by *Hafley v. Sowders,* 902 F.2d 480 (6th Cir.1990). There the petitioner had filed a RCr 11.42 motion to vacate sentence in state court, unsuccessfully appealed its denial to the state appellate court, but did not seek review in the Kentucky Supreme Court.  The district court dismissed the unexhausted claims on nonexhaustion grounds. The petitioner apparently attempted to argue that he had adequately exhausted his claims, citing *Tuggle v. Seabold,* 806 F.2d 87 (6th Cir.1986). The court was not persuaded.

  The case on which Hafley relics, *Tuggle v. Seabold,* ... confirms rather than dispels this well-accepted principle.  There, petitioner *had* presented his federal claims to the Kentucky

Supreme Court; it was his failure to petition that same court for rehearing which our Court held was unnecessary to satisfy the exhaustion requirement of 28 U.S.C. § 2254....  The Court recognized in *Tuggle* the distinction between bypassing a state supreme court altogether, and merely neglecting to re-petition a court that already has considered fully the substance of a federal claim.  Here the petitioner Hafley has bypassed the Kentucky Supreme Court altogether with respect to his ineffective assistance of counsel claims.

*Hafley,* 902 F.2d at 483 (emphasis in original). The court therefore affirmed the district court's dismissal of the unexhausted claims on nonexhaustion grounds.  *Id.*