94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome RAGAN, Petitioner-Appellant,
v.
Anthony BRIGANO, Respondent-Appellee.
 No. 95-4190.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1993.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Jerome Ragan, proceeding pro se, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1989, an Ohio jury found Ragan guilty of two separate counts of drug trafficking and of having a weapon while under a disability, in violation of Ohio law. Ragan was sentenced to 5-15 years in prison for the first drug trafficking offense; 7-25 years in prison for the second drug trafficking offense; and one year of imprisonment for the weapons offense. The sentences were to run consecutively. The convictions and sentences were affirmed on appeal. The state court of appeals denied Ragan's motion for delayed reconsideration of its decision and judgment affirming his convictions, and the Ohio Supreme Court denied discretionary review.
 
 
 3
 In his petition for a writ of habeas corpus, Ragan raised the following five grounds in support: (1) he was denied effective assistance of counsel when his appellate counsel did not confer with him as to the issues Ragan wanted raised on appeal; (2) he was denied effective assistance of counsel when his appellate counsel did not raise the issue of his allegedly unlawful arrest; (3) he was denied effective assistance of counsel when his appellate counsel did not "properly litigate" the issue of whether he was subjected to double jeopardy; (4) he was the victim of prosecutorial misconduct; and (5) he was prejudiced by "judicial error" when the trial court did not dismiss certain charges for lack of evidence, when it sentenced him without an attorney being present, when it sentenced him excessively in violation of his Eighth Amendment rights, and when the court did not instruct jurors on certain lesser included offenses.
 
 
 4
 The magistrate judge reviewed these claims and recommended that the petition be denied. The district court considered Ragan's objections to the magistrate judge's report, but adopted the recommendation and denied the petition. On appeal, Ragan presents the same issues raised in his original petition.
 
 
 5
 By objecting only to the magistrate judge's findings and conclusions as they related to Ragan's waiver of his ineffective assistance of counsel claims, enumerated as issues 1, 2 and 3, above, Ragan has preserved only those issues for appellate review. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981). Ragan has presented no circumstances in support of his habeas petition that would warrant an exception to the Walters rule in the interests of justice. Thomas, 474 U.S. at 155 & n. 15.
 
 
 6
 The district court properly denied this petition, because Ragan has not shown that he was denied a fundamentally fair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Ragan is barred from raising his three ineffective assistance of counsel claims, because he has not shown cause to excuse his delayed presentation of these claims in state court and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989).
 
 
 7
 The cause and prejudice requirement may be excused where the constitutional violation has resulted in the conviction of one who is actually innocent. Murray v. Carrier, 477 U.S. 478, 495-96 (1986). However, Ragan has not made a colorable showing of actual innocence to excuse the cause and prejudice requirement in this case. See Silverburg v. Evitts, 993 F.2d 124, 126-27 (6th Cir.1993).
 
 
 8
 Accordingly, the district court's order denying Ragan's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.