16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phillip LEWIS, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 93-5028.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1993.
 
 1
 Before: JONES and SUHRHEINRICH, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Phillip Lewis, a pro se Kentucky prisoner, appeals a district court order dismissing with prejudice his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Lewis was accused of driving an automobile which struck two children, resulting in the death of one and the serious injury of the other. The indictment charged Lewis with vehicular murder, first degree assault, and driving while under the influence of intoxicants ("DUI"). Lewis was convicted by a jury of second degree manslaughter, first degree assault, and DUI. He was sentenced to serve ten years of imprisonment on the first conviction, twenty years of imprisonment on the second conviction, and thirty days of imprisonment on the third conviction, to run consecutively. After various proceedings, Lewis's convictions and sentences were ultimately upheld on direct appeal.
 
 
 4
 Lewis subsequently filed a motion to vacate the judgment with the Kentucky trial court. The motion was denied, and the Kentucky Court of Appeals affirmed. No review was sought in the Kentucky Supreme Court.
 
 
 5
 Lewis then filed the present petition for writ of habeas corpus arguing that: (1) the second degree manslaughter conviction was inconsistent with the first degree assault conviction, in violation of the Fourteenth Amendment, (2) the trial court's denial of his motion for production of statements resulted in the violation of his due process rights, (3) by allowing the jury to be told that a legal presumption of intoxication arises when one's blood alcohol reaches a level of .10%, the trial court committed error to his substantial prejudice, (4) by allowing the prosecutor to improperly impeach witnesses, the trial court committed error to Lewis's substantial prejudice, (5) by admitting evidence of prior statements made by two witnesses, the trial court committed error to his substantial prejudice, (6) Ky.Rev.Stat. Sec. 532.055 violates the Kentucky Constitution, (7) it was error of "constitutional magnitude" for a juror to conceal that she was related to the prosecutor, and (8) Lewis received ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments. The magistrate judge's report recommended that the respondent's motion to dismiss be granted and that the petition be dismissed with prejudice. Over Lewis's objections, the district court judge dismissed the petition with prejudice.
 
 
 6
 The standard of review on a petition for a writ of habeas corpus is de novo, and a writ will not issue unless the petitioner demonstrates that he received a fundamentally unfair trial or proceeding resulting in his unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990).
 
 
 7
 Concerning Lewis's first argument, that his second degree manslaughter conviction was inconsistent with the first degree assault conviction, even assuming that the verdicts were inconsistent, Lewis may not upset such verdicts. United States v. Powell, 469 U.S. 57, 65 (1984); Dunn v. United States, 284 U.S. 390, 393 (1932).
 
 
 8
 Concerning Lewis's second, third, fourth, fifth, and sixth claims, Lewis did not present these claims to the Kentucky courts as federal constitutional issues. Therefore, he has not exhausted his state court remedies. Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). Because Lewis is now barred from presenting these claims to Kentucky state courts, see Ky.R.Crim.P. 11.42(3), he must show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Teague v. Lane, 489 U.S. 288, 298-99 (1989). Lewis failed to show cause, and we are satisfied that there was no prejudice as the evidence against Lewis was overwhelming. Moreover, upon a review of the merits of these claims, we find no constitutional error.
 
 
 9
 Concerning Lewis's seventh and eighth claims, these claims were raised in his motion to vacate. Lewis did not appeal the denial of this motion to the Kentucky Supreme Court, and, therefore, he has not exhausted his state court remedies. Silverburg v. Evitts, 993 F.2d 124, 126 (6th Cir.1993). As Lewis is now procedurally barred from presenting the claims to the Kentucky Supreme Court, he must show cause and prejudice to overcome the procedural default. See id.; Ky.R.Civ.P. 76.20(2)(b); Teague, 489 U.S. at 298-99. Lewis did nothing to demonstrate cause and prejudice, and, therefore, these claims were properly denied. Further, on appeal to this court, Lewis does not argue his seventh claim, and, therefore, it is abandoned and is not reviewable. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). As to Lewis's claim of ineffective assistance of counsel, we are satisfied that any error did not result in a fundamentally unfair trial.
 
 
 10
 Accordingly, the order of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation