19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Scotty Ray LEPPARD, Petitioner-Appellant,
v.
Walter CHAPLEAU, Warden, Kentucky State Reformatory,
Respondent-Appellee.
 No. 93-6383.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1994.
 
 Before: NELSON, SUHRHEINRICH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Scotty Ray Leppard, a pro se Kentucky prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial in July 1989, Leppard was convicted of being a first-degree persistent felony offender (PFO), of two counts of complicity to traffic LSD and one count of trafficking Tuinal. He was sentenced to serve two twelve year sentences and a ten year sentence, all to run consecutively for a total of thirty-four years.
 
 
 3
 The Kentucky Court of Appeals affirmed his convictions and the Kentucky Supreme Court declined discretionary review. Leppard then filed a Ky.R.Cr.P. 11.42 motion alleging thirteen separate instances of ineffective assistance of counsel which the Kentucky Circuit Court overruled; the Kentucky Court of Appeals affirmed on appeal. Leppard did not file for discretionary review with the Kentucky Supreme Court.
 
 
 4
 He then filed his current habeas corpus petition alleging the same grounds for relief that he alleged in his direct criminal appeal and in his Rule 11.42 motion, i.e.,
 
 
 5
 1) the trial court erred in denying his motion for a mistrial;
 
 
 6
 2) only one prior felony conviction was properly introduced as a basis for the PFO charge and, thus, the PFO charge should have been dismissed;
 
 
 7
 3) the trial court erred by refusing to give instructions to the jury on the lesser included offense of criminal facilitation; and
 
 
 8
 4) counsel rendered ineffective assistance.
 
 
 9
 The magistrate judge noted that the petitioner also raised a fifth claim which was essentially a part of his ineffective assistance of counsel claim, i.e., the Kentucky Circuit Court failed to make specific findings of fact when it denied his Rule 11.42 motion.
 
 
 10
 After noting that Leppard had effectively withdrawn his claims enumerated one and two above, the magistrate judge also concluded that Leppard had failed to exhaust his remedies as to his claims of ineffective assistance of counsel and failure of the trial court to make specific findings of fact on his Rule 11.42 motion. The magistrate judge then considered his lesser included offense claim on the merits and found that it did not warrant habeas relief. The district court adopted the recommendation of the magistrate judge and dismissed the petition with prejudice for lack of exhaustion on the former two claims and for being without merit on the latter claim. On appeal, Leppard continues to argue his ineffective assistance of counsel claim and the lesser included offense jury instruction claim.
 
 
 11
 Initially, it is noted that Leppard has not asserted his claim that the trial court failed to make specific findings of fact on his Rule 11.42 motion. Thus, we consider the claim to be abandoned and not reviewable on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 12
 Upon review, we conclude that Leppard has failed to establish that he was denied fundamental fairness resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 13
 A claim for failure to instruct the jury on a lesser included offense in noncapital cases does not warrant habeas relief unless it is an error resulting in a miscarriage of justice or an omission inconsistent with the demands of fair procedure. See Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir.) (plurality opinion) (en banc), cert. denied, 496 U.S. 929 (1990). Leppard was not entitled to a lesser included offense instruction on criminal facilitation because this court is bound by the Kentucky Supreme Court's decision that he was not entitled to this jury instruction and there was no error of state law. See Olsen v. McFaul, 843 F.2d 918, 929 (6th Cir.1988). In addition, he has not demonstrated that the failure to give the requested instruction resulted in the conviction of an innocent person. See Bagby, 894 F.2d at 797.
 
 
 14
 With regard to Leppard's ineffective assistance of counsel claim, we affirm the district court's judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). The district court's dismissal of Leppard's ineffective assistance of counsel claim due to lack of exhaustion was improper because he no longer has a state court remedy to exhaust. See Ky.R.Civ.P. 76.20. Although exhaustion is not a problem, Leppard will not be permitted to present his ineffective assistance of counsel claim unless he can show cause to excuse his failure to properly present his claim to the state courts and actual prejudice resulting therefrom. Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). The cause and prejudice requirement may be excused where the constitutional violation has resulted in the conviction of one who is actually innocent. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Leppard has not established sufficient cause and prejudice to excuse his procedural default, nor has he made a colorable showing of factual innocence to excuse the cause and prejudice requirement. See Silverburg v. Evitts, 993 F.2d 124, 126-27 (6th Cir.1993).
 
 
 15
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.