30 F.3d 135
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack Lee WIGAL, Petitioner-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Respondent-Appellee.
 No. 93-6156.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jack Lee Wigal appeals pro se from a district court judgment dismissing his habeas corpus petition filed under 28 U.S.C. Sec. 2254. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Wigal was convicted by a jury of six counts of first degree robbery and of being a persistent felony offender ("PFO") in the second degree. He raised two claims in his petition: 1) the Commonwealth presented insufficient evidence regarding his age for purposes of the PFO charge; and 2) he was denied effective assistance of appellate counsel because counsel did not raise this issue on direct appeal. On August 16, 1993, the district court adopted a magistrate judge's report and dismissed the case because Wigal had not exhausted his available state remedies regarding his first claim. It is from this judgment that Wigal now appeals. The appellee has elected not to file a brief in this appeal.
 
 
 3
 A state prisoner must give the state courts a fair opportunity to remedy any constitutional infirmity in his conviction before seeking habeas corpus relief in the federal courts. Silverburg v. Evitts, 993 F.2d 124, 126 (6th Cir.1993). The petitioner's burden is not satisfied until the state's highest court has had a full and fair opportunity to review his claims. Id. Thus, a habeas corpus petition is normally dismissed for lack of exhaustion if it contains an issue which was not fairly presented to the state courts and there is still a state remedy that is available to the petitioner. Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 4
 The Kentucky courts have not had a fair opportunity to consider Wigal's current claims. Wigal did not raise either of these claims on direct appeal. He did raise his claim that appellate counsel was ineffective in a subsequent motion to reinstate his appeal, but he did not raise a separate claim regarding the sufficiency of the evidence that was presented at his PFO hearing. The Kentucky Supreme Court denied the motion because it had already reviewed Wigal's case on the merits. See Hicks v. Commonwealth, 825 S.W.2d 280, 281 (Ky.1992). Thus, the state supreme court did not have a fair opportunity to consider Wigal's present claims because they were either not raised in that court or raised through a procedure that was not applicable.
 
 
 5
 State remedies are still available to Wigal regarding his primary claim that the Commonwealth did not present sufficient evidence to establish his age at his PFO hearing. Since this claim may be considered separately from the alleged ineffective assistance of appellate counsel, it may be raised in a motion for post conviction relief under Kentucky Rule of Criminal Procedure 11.42. Therefore, the district court properly dismissed Wigal's federal petition because it contained an unexhausted claim. See Rose, 455 U.S. at 510.
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.