42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James L. PIERCE, Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Respondent-Appellee.
 No. 94-5516.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: JONES, NORRIS and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 James L. Pierce, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Pierce in 1984 of third degree burglary and being a persistent felony offender (PFO) in the first degree. He was sentenced to two years in prison for burglary, enhanced to 18 years because of his PFO conviction. The Kentucky Court of Appeals affirmed his conviction in an opinion issued on September 18, 1986. Pierce subsequently filed a motion under RCr 11.42, which attacked his PFO conviction on the ground that one of the underlying felony convictions--a 1959 murder conviction--was erroneously admitted because Pierce was only 17 years old when he committed the offense. The Jefferson Circuit Court agreed with Pierce, vacated his PFO conviction, reduced his sentence to two years, and scheduled a retrial to consider his PFO status. After completing service of his two-year burglary sentence, Pierce was again convicted of being a PFO and was sentenced on December 11, 1987, to 15 years in prison. The Kentucky Court of Appeals reversed this conviction on double jeopardy grounds, but the Kentucky Supreme Court reversed the Court of Appeals and affirmed Pierce's PFO conviction and 15-year sentence in a memorandum opinion issued on May 17, 1990. The denial of a subsequent RCr 11.42 motion was affirmed by the Kentucky Court of Appeals.
 
 
 3
 In his present petition, Pierce raises three grounds for relief: (1) the trial court lacked jurisdiction to retry and resentence him on the PFO charge because the underlying burglary sentence had been fully served, (2) his second PFO trial violated the Fifth Amendment prohibition against double jeopardy, and (3) he received ineffective assistance of counsel. A magistrate judge issued initial findings of fact and conclusions of law finding that Pierce had never presented his first and third grounds for relief to the Kentucky Supreme Court; therefore, the federal courts could not consider these issues on their merits because Pierce did not show cause and prejudice for his default. In a second report, issued on March 17, 1994, the magistrate judge concluded that Pierce's second ground for relief was meritless, and recommended that his habeas petition be dismissed. The district court adopted the findings and conclusions of the magistrate judge over Pierce's objections and dismissed the petition in an order entered on March 31, 1994.
 
 
 4
 On appeal, Pierce continues to assert the merits of his grounds for relief. In addition, he argues that the magistrate judge misapplied this court's decision in Silverburg v. Evitts, 993 F.2d 124 (6th Cir.1993), in finding that Pierce was required to appeal the denial of his RCr 11.42 motion to the Kentucky Supreme Court.
 
 
 5
 Upon review, we affirm the district court's order because Pierce has failed to establish that his trial was fundamentally unfair or that the proceeding resulted in his unjust confinement. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993).
 
 
 6
 The district court properly declined to consider the merits of Pierce's first and third grounds for relief. Before a state prisoner may present a federal habeas petition, he must first exhaust his available state court remedies. 28 U.S.C. Sec. 2254(b). In the Sixth Circuit, a habeas petitioner normally must present his claim to the state's highest court in order to exhaust state remedies under 28 U.S.C. Sec. 2254. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.1990). If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). However, the prisoner will not be allowed to present claims not fairly presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989); Rust, 17 F.3d at 160.
 
 
 7
 It is undisputed that Pierce did not appeal his issues relating to ineffective assistance of counsel and the effect of the expiration of his two-year burglary sentence to the Kentucky Supreme Court after the Kentucky Court of Appeals affirmed the denial of his second RCr 11.42 motion. The time for such an appeal is past. Accordingly, Pierce did not exhaust his previously available remedies for these two grounds in the state courts, see Silverburg, 993 F.2d at 126 (exhaustion requirement is met once state's highest court has been given full and fair opportunity to review claims), he has no state court remedy remaining, id. at 127, and so the federal courts may not consider these issues absent a showing of cause and prejudice. Rust, 17 F.3d at 160. Pierce has attempted to show neither.
 
 
 8
 Instead, Pierce relies on the Kentucky Supreme Court case of Freeman v. Commonwealth, 697 S.W.2d 133 (Ky.1985), to argue that the Kentucky Court of Appeals' denial of his RCr 11.42 motion constituted "final state action" for purposes federal habeas review. Id. at 134. This argument was expressly rejected by this court. Silverburg, 993 F.2d at 126-27. Pierce further argues that, even if Silverburg does now require that a habeas petitioner pursue an application for discretionary review in the Kentucky Supreme Court, it is a new rule of law that should not be retroactively applied to his case. This argument is meritless. In 1990, five years after Freeman and almost three years before the Kentucky Court of Appeals rejected Pierce's RCr 11.42 appeal, this court held that a Kentucky prisoner was required to seek review of the denial of post-conviction relief in the Kentucky Supreme Court in order to satisfy the exhaustion requirement. See Hafley, 902 F.2d at 482-83.
 
 
 9
 Pierce's second ground for relief, alleging double jeopardy, was fairly presented to the Kentucky Supreme Court. Nonetheless, it does not warrant habeas relief.
 
 
 10
 "It has long been settled ... that the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack, because of some error in the proceedings leading to conviction." Lockhart v. Nelson, 488 U.S. 33, 38 (1988). An exception to this general rule occurs when the conviction is vacated on the ground of insufficient evidence. Id. at 39 (citing Burks v. United States, 437 U.S. 1, 18 (1978)). However, where the relief comes as a result of a trial error, such as the improper admission of a particular piece of evidence, there is no double jeopardy bar. Lockhart, 488 U.S. at 40. The error in Pierce's case falls within the scope of trial error. Thus, the district court did not err in finding that Pierce's retrial on his PFO charge was not prohibited by the Double Jeopardy Clause.
 
 
 11
 Accordingly, the district court's order, entered on March 31, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.