48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David W. NEAL, Petitioner-Appellant,
v.
James A. BOWLEN, Warden, Respondent-Appellee.
 No. 94-5765.
 United States Court of Appeals, Sixth Circuit.
 March 9, 1995.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 David W. Neal appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1984, a jury convicted Neal of robbery, kidnapping and rape, for which he received an enhanced life sentence under Tennessee's habitual criminal statute.
 
 
 3
 In his petition for habeas corpus relief, Neal argued that: 1) the circuit court judge improperly dismissed his petition for post-conviction relief as untimely; 2) counsel rendered ineffective assistance when he a) did not attack the validity of Neal's prior convictions, b) did not request DNA testing be conducted on Neal and the victim which would have exonerated him of the crimes for which he was convicted, c) did not impeach the testimony of a serologist or object to the prosecutor's leading questions, d) did not challenge the trial court's jury instruction relating to one of Neal's prior convictions, and e) did not present a witness in favor of Neal, and did not seek a continuance until the witness could be located; and 3) the Tennessee habitual criminal statute utilized in his case is invalid as reflected by its subsequent repeal by the Tennessee legislature. Without first determining if Neal had any state remedies available to him, the district court dismissed his petition for failure to exhaust his remedies in the Tennessee state courts.
 
 
 4
 On appeal, this court granted Neal's application for a certificate of probable cause, and directed the appellee to include in its brief a discussion of whether Neal still has a remedy available to him in the Tennessee state courts and whether he can show cause and prejudice to excuse his failure to present his claims to the Tennessee appellate courts. Neal argues that counsel improperly indicated that an appeal of the circuit court's order dismissing his post-conviction petition would be futile, and that this constitutes cause and prejudice to excuse his procedural default.
 
 
 5
 Upon review, we affirm the district court's judgment dismissing Neal's petition, but for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). The court renders de novo review of the district court's judgment dismissing Neal's petition. See Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994).
 
 
 6
 The district court improperly dismissed Neal's petition for failure to exhaust his state court remedies, because he simply has no remedy to pursue in the state courts. In order to pursue federal habeas corpus relief, a state prisoner must first present his habeas claims to the state courts. 28 U.S.C. Sec. 2254(b); Silverburg v. Evitts, 993 F.2d 124, 126 (6th Cir.1993); Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991). If a state prisoner fails to present his claims to the state courts, the petition should be dismissed for lack of exhaustion of available state court remedies. Rose v. Lundy, 455 U.S. 509, 518-20 (1982). However, if the state prisoner no longer has a remedy available to him, the petition should not be dismissed for lack of exhaustion, because there are simply no remedies available to him to exhaust. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). Under these circumstances, rather than dismiss the petition, a federal court should determine whether the petitioner can establish cause and prejudice to excuse his failure to present his claims to the state courts. Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Rust, 17 F.3d at 160; Silverburg, 993 F.2d at 127. Rather than remand for this purpose, we have decided to address this issue in the first instance because the record is adequate to permit review and the parties have fully briefed the issue.
 
 
 7
 As the appellee concedes, Neal has no remedies available for him to exhaust in the Tennessee appellate courts. Following his conviction, Neal filed an unsuccessful direct appeal raising grounds other than those that he later asserted in this habeas corpus proceeding. Neal does not state in his habeas petition that he ever filed an appeal with the Tennessee Supreme Court. Thereafter, Neal filed a petition seeking post-conviction relief under Tenn.Code.Ann. Sec. 40-30-101 et seq., but he does not state in his federal habeas petition what issues he sought to raise in that state post-conviction petition. Nonetheless, the Tennessee Circuit Court dismissed the post-conviction petition as untimely as it was filed beyond the applicable three year statute of limitations. Time for filing an appeal has expired and no exception to the 30-day appeal time applies to this case. According to a letter attached to his federal habeas corpus petition, Neal was advised of his right to appeal that decision and further advised by counsel that his post-conviction petition may have been erroneously dismissed. Nonetheless, counsel likewise confirmed in the letter that Neal did not desire to appeal the decision and sought instead to seek relief in federal court. Because it appears that Neal made a deliberate decision not to appeal, the Tennessee Court of Criminal Appeals is not likely to waive the 30-day appeal period in which to file a timely appeal in the interests of justice. Compare Warren v. State, 833 S.W.2d 101, 102 (Tenn.Crim.App.1992) (court waived requirement to file a timely notice of appeal where record did not refute fact that counsel did not timely advise defendant of his appeal rights) with Caruthers v. State, 814 S.W.2d 64, 68 (Tenn.Crim.App.1991) (defendant freely waived right to appeal denial of post-conviction relief after being advised of appeal rights by his attorneys). The applicable three year statute of limitations, Tenn.Code Ann. Sec. 40-30-102, for filing another post-conviction petition has also clearly expired. Thus, because Neal does not have any remedies available to him to pursue in the Tennessee state courts, the district court should not have dismissed the petition for lack of exhaustion.
 
 
 8
 Nonetheless, we conclude that Neal's petition was properly dismissed as procedurally barred, because Neal cannot establish cause and prejudice to excuse his failure to present his claims to the Tennessee appellate courts. Neal argues that he can establish cause to excuse his failure to appeal because he relied on the erroneous advice of his post-conviction counsel who had told him that an appeal would be futile. A state prisoner, however, cannot establish cause based on alleged ineffective assistance of counsel received in state post-conviction proceedings as there is simply no constitutional right to counsel in such proceedings. O'Guinn v. Dutton, 42 F.3d 331 (6th Cir.1994). Because Neal relies exclusively on his claim of ineffective assistance of his post-conviction counsel to establish cause, the petition was properly dismissed as procedurally barred. Furthermore, the court is not compelled to review the petition otherwise, because Neal has not presented any evidence establishing that he is actually innocent of the crime of which he was convicted. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Rust, 17 F.3d at 162.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.