69 F.3d 538
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronnie Gene WEBB, Petitioner-Appellant,
v.
Phil PARKER, Warden, Kentucky State Penitentiary, Respondent-Appellee.
 No. 95-5437.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1995.
 
 Before: KRUPANSKY, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Ronnie Gene Webb, a Kentucky state prisoner, appeals pro se the denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1986, a jury convicted Webb of second degree assault, first degree unlawful imprisonment, and second degree persistent felony offender status. He was sentenced to twenty years of imprisonment. His conviction was affirmed on direct appeal, and three post-conviction motions in the state courts were denied. Webb then filed this petition for federal habeas relief, raising claims of ineffective assistance of counsel and a double jeopardy violation. The matter was referred to a magistrate judge, who recommended that the petition be denied on the basis that Webb had procedurally defaulted on all of his claims in the state courts. The district court adopted this recommendation. On appeal, Webb argues that a procedural bar should not be applied because the state courts did not expressly rely on his defaults in denying relief. Alternatively, he attempts to establish cause to excuse his procedural defaults by arguing that his appointed counsel was ineffective in failing to appeal from the denial of his original post-conviction motion.
 
 
 3
 Upon review, we conclude that this petition was properly denied, as Webb procedurally defaulted on his claims in the state courts and has not established cause and prejudice to excuse the default, see Reed v. Ross, 468 U.S. 1, 11 (1984), or that failure to review his claims would result in a fundamental miscarriage of justice. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986).
 
 
 4
 Webb did not appeal the denials of his first two motions for post-conviction relief in the state court system. This failure to present his claims to the highest state courts dictates that the claims raised in those motions cannot be reviewed on the merits in the federal courts absent a showing of cause and prejudice. See Silverburg v. Evitts, 993 F.2d 124, 127 (6th Cir.1993). Additionally, Webb's second and third motions for post-conviction relief were found by the state courts to be successive, as the claims raised therein could have been raised in the original motion. See Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987), cert. denied, 485 U.S. 980 (1988). All of Webb's claims were therefore procedurally defaulted.
 
 
 5
 The arguments raised by Webb on appeal are meritless. The record shows that the last reasoned opinions on both of Webb's successive post-conviction motions expressly relied on procedural default in denying relief. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991). Webb's attempt to establish cause for his procedural defaults by arguing ineffective assistance of counsel in his original post-conviction action fails because Webb was not entitled to effective assistance of counsel in his post-conviction motions. See Coleman v. Thompson, 501 U.S. 722, 755-57 (1991).
 
 
 6
 In conclusion, we find that the district court properly relied on Webb's procedural defaults in the state courts in denying this petition for federal habeas relief. The district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.