89 F.3d 833
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger Dale CRAWLEY, Petitioner-Appellant,
v.
Phillip PARKER, Warden, Respondent-Appellee.
 No. 94-6028.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1996.
 
 1
 Before: KENNEDY and CONTIE, Circuit Judges; GRAHAM, District Judge.*
 
 ORDER
 
 2
 Roger Dale Crawley, proceeding pro se, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In June of 1982, a Kentucky jury found Crawley guilty of two counts of first degree robbery and of being a persistent felony offender (PFO) in the first degree. The jury fixed Crawley's punishment at life in prison. His conviction was affirmed on appeal.
 
 
 4
 Crawley filed this federal habeas petition, raising the following seven grounds in support: 1) his Fourth Amendment rights were violated when the trial court admitted into evidence certain items seized pursuant to an allegedly unjustified stop of his automobile; 2) he was denied due process during the line up and identification procedure prior to his trial; 3) the trial court erred by permitting the Commonwealth to impeach his testimony with evidence of a previous armed robbery conviction; 4) he was denied effective assistance of counsel when his counsel did not object to questioning surrounding prior convictions used to support his PFO conviction; 5) he was denied effective assistance of counsel when his counsel did not object to the admission of those prior convictions; 6) he was denied due process and effective assistance of counsel, because counsel did not raise the issue of whether Crawley's date of birth had been established, so that his PFO conviction could be upheld under Kentucky law; and 7) a fundamental miscarriage of justice occurred when his counsel did not pursue a claim of insufficiency of the evidence to support the PFO conviction. A magistrate judge reviewed each of these claims and determined that the issues enumerated as 1, 2, 6 and 7 had no merit, and that Crawley had procedurally defaulted on issues 3, 4 and 5. The district court adopted the report in its entirety and dismissed Crawley's petition. On appeal, Crawley reasserts all of these claims.
 
 
 5
 The district court properly dismissed this petition, because Crawley has not shown that he was denied a fundamentally unfair trial or proceeding resulting in his unjust confinement. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994).
 
 
 6
 Crawley has preserved for appellate review only the issues enumerated above as 5, 6 and 7, because these were the only issues raised in Crawley's objections to the magistrate judge's report and recommendation. Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981). Therefore, this court will address only those three issues on appeal.
 
 
 7
 Crawley is procedurally barred from raising his fifth claim challenging his trial counsel's decision not to object to the validity of the PFO charge, unless he can show cause to excuse his failure to present this claim and actual prejudice to his defense at trial or on appeal. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298-99 (1989). Even if his attorney's alleged error constituted sufficient cause, Crawley has not shown that he was prejudiced when his counsel did not object to the PFO charge and conviction. The record supports the state court's determination that there were three valid prior convictions upon which the jury could have found Crawley guilty as a first degree PFO offender under Ky.Rev.Stat.Ann. § 532.080(3) (Baldwin 1995). The cause and prejudice requirement may not be excused in this case because the evidence of Crawley's guilt is overwhelming, and Crawley has not made a colorable showing of factual innocence. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Silverburg v. Evitts, 993 F.2d 124, 126-27 (6th Cir.1993).
 
 
 8
 There is no merit to Crawley's sixth claim that he was denied effective assistance of counsel when his attorney did not raise the issue of whether the prosecution had established the petitioner's date of birth as an element of the PFO conviction. The record supports the state court's finding that this element of the charge had been established.
 
 
 9
 For the same reasons, Crawley has not shown, in support of his seventh claim, that he received ineffective assistance when his counsel did not object to the PFO charge based on insufficient evidence to support the prior offenses. The evidence was sufficient to support the PFO conviction because a rational trier of fact could have found the essential elements of the PFO crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979). It was not necessary for the district court to hold an evidentiary hearing because Crawley did not show that one of the eight circumstances listed in 28 U.S.C. § 2254(d) was present in this case. McMillan v. Barksdale, 823 F.2d 981, 983-84 (6th Cir.1987).
 
 
 10
 Accordingly, the district court's order dismissing Crawley's petition for a writ of habeas corpus is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James L. Graham, United States District Judge for the Southern District of Ohio, sitting by designation