930 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Allen RYAN, Petitioner-Appellant,
v.
John PRELESNIK, Warden, Respondent-Appellee.
 No. 90-2169.
 United States Court of Appeals, Sixth Circuit.
 April 11, 1991.
 
 Before MERRITT, Chief Judge, and RALPH B. GUY, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Jerry Allen Ryan, a pro se Michigan prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In May 1986, Ryan pled guilty to second degree murder in violation of Mich.Comp.Laws Sec. 750.317. He was sentenced to eighteen to forty years imprisonment. In his unsuccessful direct appeal, Ryan sought to have his sentence vacated because the trial court incorrectly calculated his guideline sentencing range under the state sentencing guidelines and because he was sentenced on the basis of incorrect information. Thereafter, Ryan filed his habeas petition, asserting that he was denied due process and equal protection of the law when the trial court refused his request for a copy of the trial transcript for appeal purposes.
 
 
 3
 After a review in light of Ryan's objections, the district court adopted the magistrate's report and recommendation and dismissed the case, finding that Ryan had failed to state a claim for denial of due process and had also failed to exhaust his available state court remedies. Ryan has filed a timely appeal. He requests the appointment of counsel and the production of a transcript at government expense in his brief on appeal.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Ryan's habeas petition. Ryan has failed to exhaust his available state court remedies. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir.1990). Moreover, Ryan's claim that the denial of the state court transcripts in his habeas action was a denial of due process is meritless because the transcripts were made available to him on direct appeal. See United States v. MacCollom, 426 U.S. 317 (1976); Johnson v. Hubbard, 698 F.2d 286, 289 n. 1 (6th Cir), cert. denied, 464 U.S. 917 (1983).
 
 
 5
 Accordingly, the requests for counsel and for a transcript at government expense are denied; and the district court's judgment is affirmed for the reasons stated in the magistrate's report and recommendation filed August 3, 1990, as adopted by the district court in its order filed September 18, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.