NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0755n.06
Filed: October 12, 2006

No. 05-4432

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES HOWARD | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| V. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
| JEFFREY WOLFE, WARDEN, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |

Before:      **GIBBONS and McKEAGUE, Circuit Judges; FORESTER, Senior District Judge.**[*]

**FORESTER, Senior District Judge.**      Petitioner-Appellant James Howard appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his child endangerment conviction. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Howard was convicted of child endangerment in the Butler County, Ohio, Court of Common Pleas on January 31, 2002. The conviction arose from events which allegedly occurred on April 4,

_____

[*]      The Honorable Karl S. Forester, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

2000, when a minor victim stopped breathing, went limp, and was taken to the hospital. At the time of the incident, only Howard, the victim, and another child were present at the home. The victim apparently suffered injuries that the prosecution argued were consistent with shaken baby syndrome. In his defense at trial, Howard argued that he never committed the alleged conduct, and he presented expert testimony that the victim's injuries resulted from birth trauma. A jury found Howard guilty of the child endangerment charges, and he was subsequently sentenced to a term of seven years imprisonment, followed by a mandatory term of five years in post-release control.

Howard, with the assistance of counsel, appealed his conviction to the Ohio Court of Appeals, alleging the trial court committed the following errors: (1) the exclusion of certain statements as "inadmissible hearsay"; and (2) the refusal to dismiss the second count of the indictment [child endangerment] based on insufficiency of the evidence. On April 18, 2003, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. Howard appealed the Ohio Court of Appeals' decision to the Ohio Supreme Court. On July 16, 2003, the Ohio Supreme Court denied Howard leave to appeal and dismissed the appeal "as not involving any substantial constitutional question."

Then, on July 21, 2003, Howard filed a *pro se* application to reopen his appeal pursuant to Ohio R. App. P. 26(B) in the Ohio Court of Appeals. In this application, Howard alleged that he was denied effective assistance of appellate counsel. Howard argued that his appellate counsel failed to assert as additional assignments of error that he was denied effective assistance of counsel at trial and that his conviction was against the "weight of the evidence." The Ohio Court of Appeals denied Howard's application for reopening on September 17, 2003. This decision was not appealed to the Ohio Supreme Court.

Thereafter, Howard filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 17, 2004. In support of his petition, Howard argues: (1) he is actually innocent; (2) he was denied effective assistance of counsel on direct appeal; and (3) the trial court violated his right to a jury trial in determining his sentence. Specifically, Howard relies on three pieces of evidence that he argues prove his actual innocence: (1) a new study published in the British Medical Journal on March 27, 2004 which he claims "calls into question the medical basis for finding shaken baby syndrome"; and (2) reports from two medical doctors who reviewed the record and opine that it is likely that the victim's brain injury occurred during the birth process and was not the result of any child abuse or damage inflicted by Howard. In response, Warden Wolfe filed a motion to dismiss, arguing that Howard has waived these grounds for relief because he failed to present his actual innocence and sentencing claims to any state court and because he failed to appeal the Ohio Court of Appeals' decision declining to reopen his application alleging ineffective assistance of appellate counsel claim to the Ohio Supreme Court.

This matter was referred to a magistrate judge for a report and recommendation pursuant to Rule 72(b) of the Federal Rules of Civil Procedure. After review of the record and the arguments of the parties, the magistrate judge recommended that the motion to dismiss be granted and the petition be dismissed with prejudice on the grounds that Howard waived his claims for relief. Conducting its own *de novo* review of the procedural history and legal analysis, the district court adopted the report and recommendation and dismissed with prejudice the petition for writ of habeas corpus. This timely appeal followed.

## II.    STANDARD OF REVIEW

In a habeas proceeding, this court reviews *de novo* the district court's legal conclusions, including its ultimate decision to grant or deny the writ, while reviewing for clear error its factual findings. *Burton v. Renico*, 391 F.3d 764, 770 (6th Cir. 2004); *Sawyer v. Hofbauer*, 299 F.3d 605,608 (6th Cir. 2002). Whether a petitioner has satisfied the exhaustion of state remedies requirement of 28 U.S.C. § 2254(b) is a question of law that this court should review de novo. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 365 (6th Cir. 2006).

## III .    ANALYSIS

A writ of habeas corpus may not be granted unless the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is satisfied only if the petitioner's claim is "fairly presented" to the state courts before seeking relief in the federal courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

In other words, a petitioner may not use federal habeas review to assert a federal constitutional right that he failed to fully present to the state courts because of a procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977). If a petitioner can no longer present his claims to a state court due to a procedural default, then he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claims will result in a

"fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Wainwright*, 433 U.S. at 87.

## A. HOWARD'S PROCEDURAL DEFAULTS IN THE OHIO COURTS RESULTED IN WAIVER OF THOSE CLAIMS

### 1. ACTUAL INNOCENCE

In his petition for federal habeas relief, Howard asserts that he is actually innocent of the child endangerment charge. However, Howard's claim of actual innocence based on the "new evidence" outlined in his petition has never been presented to the Ohio courts. Clearly, as the district court found, Howard has procedurally defaulted on this claim. Moreover, Howard has failed to present any justification for this procedural default. As a result, the district court properly found that the procedurally defaulted claim of actual innocence is not subject to review under the "cause" and "prejudice" standard.

### 2. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Howard first presented his ineffective assistance of counsel claim to the Ohio courts on July 21, 2003 when he filed his *pro se* application for reopening of his appeal with the Ohio Court of Appeals. On September 17, 2003, the Ohio Court of Appeals denied Howard's application to reopen for failure to present a genuine issue. Howard failed to appeal this decision to the Ohio Supreme Court.

Nevertheless, Howard now seeks habeas review of his ineffective assistance of counsel claim. Howard's failure to appeal the Ohio Court of Appeals' decision to deny his application to reopen is a procedural default resulting in waiver of this claim. As the district court found, Howard has not provided any justification as "cause" for this procedural default; therefore his defaulted claim of ineffective assistance of counsel is not subject to review under the "cause" and "prejudice" standard.

5

### 3. VIOLATION OF HIS RIGHT TO A JURY TRIAL WITH REGARD TO HIS SENTENCE

In his final claim for habeas relief, Howard argues that the sentencing court violated his right to have all elements of his offense determined by a jury using the beyond a reasonable doubt standard. Specifically, Howard contends that he was sentenced to seven years of incarceration based on the sentencing court's determination that a shorter term would demean the seriousness of the crime - a finding that he claims was not supported by the jury verdict in this case. Howard admits that this claim has never been presented to any Ohio state court, but argues that the claim was "unavailable to this point."

Howard does not explain why this claim was not presented before. Without any justification for the "cause" of this procedural default, the district court properly denied Howard's claim for relief.

### B. THE EVIDENCE IN SUPPORT OF HOWARD'S ACTUAL INNOCENCE CLAIM DOES NOT JUSTIFY HABEAS RELIEF

Despite his procedural default on his actual innocence claim and his failure to establish "cause" for the procedural default, Howard argues that he remains entitled to federal habeas relief because the overwhelming evidence supports his claim. The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). The threshold inquiry is whether "new facts raise [] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of trial." *Id*. at 317. In order to establish actual innocence, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt." *Id*. at 327. Importantly, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The Supreme Court has cautioned that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Schlup*, 513 U.S. at 321.

The evidence relied upon by Howard in support of his actual innocence claim simply does not rise to this extraordinary standard. The district court found that the 2004 article from a British medical journal, although obviously unavailable at the time of trial, was only "marginally relevant as it did not address the particular facts posed by the case-at-hand." As a result, the district court determined that it was "highly doubtful that the article would have had any impact on the jury's verdict in this case."

With respect to the new expert opinions, the district court found that Howard failed to argue or establish that these experts were unavailable to him at the time of trial. In fact, the record reflects that defense counsel relied on expert witness testimony at trial who essentially provided the same opinion as the "new" experts - that the victim's injury could have existed since birth. The prosecution, on the other hand, relied on its own expert witness to support its position that the victim's injuries were recently incurred and were a result of shaking. Clearly, the jury was presented with opposing theories and relied on the prosecution's evidence pointing to shaken baby syndrome in determining Howard's guilt beyond a reasonable doubt. The district court determined that the testimony of the two additional expert witnesses would be merely cumulative.

A review of the "new" evidence, independently and collectively, simply does not lead to the conclusion that it is more likely than not that no reasonable juror would have found Howard guilty beyond a reasonable doubt. The evidence relied upon by Howard is not new evidence "so strong that

a court cannot have confidence in the outcome of the trial." *Schlup*, 513 U.S. at 316. Without evidence like "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial," *id.* at 324. Howard's reliance on the "new" expert reports fails to meet the actual innocence standard. Accordingly, the district court did not err in denying Howard's claim for federal habeas relief based on actual innocence.

## IV.    CONCLUSION

Based on the above, the district court's order granting Warden Wolfe's motion to dismiss and dismissing with prejudice the petition for writ of habeas corpus is **AFFIRMED**.