**NOT RECOMMENDED FOR FULL- TEXT PUBLICATION**

File Name: 07a0552n.06

Filed: August 8, 2007

**No. 06-1184**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| JOSEPH ASHBAUGH, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| v. | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| DAVID GUNDY, | ) | |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

Before: ROGERS and COOK, Circuit Judges; and DOWD, District Judge.[*]

DOWD, District Judge. This is an appeal from the denial of relief to the petitioner, Joseph

Ashbaugh ("the defendant"), who entered guilty pleas in Michigan state court to a series of crimes

arising from the defendant's assault of a handicapped male after an incident involving the

defendant's girlfriend. The District Court Judge, Marianne O. Battani, summarized the state court

convictions:

> On February 22, 2001, the petitioner pleaded guilty to: one count of extortion,
> MICH.COMP. LAWS § 750.84; two counts of assault with intent to great bodily
> harm less than murder, MICH COMP.LAWS § 750.84; and assault with a dangerous
> weapon, MICH.COMP. LAWS § 750.82. In return, the prosecutor dismissed one
> count of first-degree criminal sexual conduct, one count of kidnapping, and a charge
> that petitioner violated the conditions of probation for a previous offense. The
> charges arose from the allegations that Petitioner and two other people threatened,
> beat, and sexually assaulted a mentally handicapped young man.

Joint Appendix ("JA"), page 302.

---

[*] The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern
District of Ohio, sitting by designation.

The petitioner was sentenced to concurrent terms of imprisonment for seventeen and a half to forty years for the extortion conviction; five to twenty years for each count of assault to do great bodily harm; and two to eight years for assault with a dangerous weapon.

After failing to obtain collateral relief from the Michigan Court of Appeals, he petitioned the Michigan Supreme Court for leave to appeal, adding a new claim that his plea was involuntary. The Michigan Supreme Court denied him leave to appeal, and Ashbaugh filed the instant habeas petition in federal court alleging three claims: involuntariness of the plea, ineffective assistance of counsel, and another issue under Michigan law. The district court found that Ashbaugh had not exhausted those claims in state court, but excused the exhaustion requirement and denied on the merits the first two claims and dismissed the remaining state-law claim as incognizable in federal court. The district court then granted a certificate of appealability on the exhaustion issue and the ineffective assistance of counsel and involuntariness of plea claims. Ashbaugh explicitly abandoned the freestanding ineffective assistance claim in his brief, (Pet. Br. at 4), and appeals the district court's decision that (1) his involuntary-plea claim is unexhausted and (2) his involuntary-plea claim is meritless.

Concerning the exhaustion issue, it is undisputed that the defendant presented his involuntary-plea claim for the first time to the Michigan Supreme Court. The parties debate whether a claim is exhausted by presenting it to the highest court in the state or whether it must also be presented to an intermediate appellate court. <u>Compare</u> *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990), <u>with</u> *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

The court need not decide the exhaustion issue because the only other issue on appeal, defendant's involuntary-plea claim, lacks merit. "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). If the court finds that "'the federal constitutional claim [is] plainly meritless and it would be a waste of time and judicial resources to require exhaustion,' nonexhaustion and procedural default should be excused." *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (quoting *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991)); *see also Linscott v. Rose,* 436 F.3d 587, 592 (6th Cir. 2006).

With respect to the involuntary plea claim, a federal court may grant a writ for habeas corpus to a state prisoner only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *See Harrison v. Motley*, 478 F.3d 750, 754 (6th Cir. 2007). The state court need not have even been aware of the Supreme Court cases; the relevant inquiry is whether "the reasoning [or] the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2003) (per curiam). Thus, a court should grant the writ under § 2254(d)(1) only if relevant Supreme Court law would have mandated that Ashbaugh's plea be vacated.

Ashbaugh argues that he was confused by the proceedings, that his attorney failed to explain the consequences of a guilty plea and told him that he would, instead of being sentenced to prison, be sent to a mental hospital. As Ashbaugh has abandoned his freestanding ineffective assistance of

3

counsel claim, he must show not only that his counsel rendered "advice outside the range of competence demanded of attorneys in criminal cases," *Tollett v. Henderson*, 411 U.S. 258, 268 (1973), but also that his misapprehension would entitle him to relief. *See id.* at 267-68; *McMann v. Richardson*, 397 U.S. 759, 770-71 (1970). The Supreme Court recently held that "the Constitution, in respect to a defendant's awareness of relevant circumstances, does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant might labor," *United States v. Ruiz*, 536 U.S. 622, 630 (2002), including the fact that a defendant may misapprehend the likely penalties. *Brady v. United States*, 397 U.S. 742, 757 (1970). Ashbaugh's alleged confusion, even if true, would not warrant vacatur of his plea under federal law as determined by the Supreme Court, and § 2254(d)(1) affords him no relief.

Furthermore, a "state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding' only if it is shown that the state court's presumptively correct factual findings are rebutted by 'clear and convincing evidence' and do not have support in the record." *Matthews v. Ishee*, 486 F.3d 883, 889 (6th Cir. 2007) (quoting 28 U.S.C. § 2254(e)(1)). Ashbaugh therefore must set forth clear and convincing evidence rebutting the state court's finding that his plea was "knowingly, freely and voluntarily made." (J.A. at 84.)

In this case, the defendant did not meet that standard. The district court correctly reviewed the plea transcript and this court rejects the defendant's argument that the "state court's decision that [his] plea was knowing and voluntary based on a review of the plea transcript is an unreasonable determination of the facts in the light of the evidence before this Court." (Pet. Br. at 17 (citing 28

U.S.C. § 2254(d)(2).) Ashbaugh selectively quotes one part of the transcript where he was confused by one question concerning whether any promises had been made to induce him to plead guilty. (J.A. at 79-80.) In response to a previous question asking him whether "anyone tried to force [him] to plead guilty by any mistreatment, by any pressure or by any duress made upon you in any way," Ashbaugh answered, "No, sir." (J.A. at 79.) Additionally, notwithstanding Ashbaugh's highly selective example of one instance of some confusion, the plea transcript as a whole clearly indicates that his plea was knowing and voluntary, (J.A. at 69-85), and he is not entitled to relief under § 2254(d)(2).

Because Ashbaugh's allegations are insufficient to warrant relief, he is not entitled to an evidentiary hearing. *See Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.").

For the foregoing reasons, the district court's denial of the defendant's petition for habeas corpus is AFFIRMED.